**Opinion filed December 3, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-09-00267-CR

———————

## ANDY WAYNE SELF, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13557**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt. We dismiss.

On March 13, 2009, Andy Wayne Self entered a plea of guilty to the offense of engaging in organized criminal activity. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt and placed appellant on community supervision for eight years. A fine of $2,500 was also assessed. At the July 22, 2009 hearing on the State's motion to adjudicate, appellant entered pleas of true to the allegations that he had violated the terms and conditions of his community supervision. The trial court found the allegations to be true, revoked appellant's

community supervision, adjudicated his guilt, and imposed a sentence of confinement for thirty-five years and a $2,500 fine.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous.

Counsel has briefed one potential point of error in which he examines if the punishment assessed was grossly disproportionate to the offense. Appellant was indicted for agreeing with five other individuals to manufacture methamphetamine in the amount of 200 grams or more but less than 400 grams. Over a one month period, appellant together with the five other individuals performed the overt act of purchasing pseudoephedrine tablets on multiple occasions with the goal of manufacturing methamphetamine. The record reflects that appellant entered a voluntary plea of guilty to the first degree felony offense.[1] At the adjudication hearing, appellant entered pleas of true to the allegations that, during the four months he was on community supervision, he had committed the offense of possession of a controlled substance, he had consumed methamphetamine, he was discharged from the chemical abuse program after two days, and he had failed to perform community service hours and failed to pay costs and fees as ordered.

As counsel notes, the punishment assessed was well within the range authorized by TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2009) of confinement for either life or a term of not less than five years and not more than ninety-nine years and an optional fine not to exceed $10,000. A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd.). The possible point is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516

---

[1] TEX. PENAL CODE ANN. § 71.02 (Vernon Supp. 2009) and TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp. 2009) define the offense and declare it to be a first degree felony.

S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 3, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.